**Joseph E. CHAMBERLAIN, Appellant,**

v.

**John J. WESSLING, Appellee.**

Court of Appeals of Kentucky.

June 21, 1968.

Henry A. Triplett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellant.

Jack E. Mudd, Wallace H. Spalding, Jr., Louisville, for appellee.

WILLIAMS, Chief Justice.

Appellee John J. Wessling was injured when struck by an automobile driven by appellant Joseph E. Chamberlain. Suit was filed in the Jefferson Circuit Court and the jury returned a verdict in favor of

appellee in the amount of $23,849.35. This appeal is prosecuted from the judgment rendered on that verdict.

The accident occurred in Louisville at the intersection of Taylor Boulevard and Carlisle Avenue. Appellee was walking across Taylor Boulevard from the west to the east side and had proceeded near the center line when he was struck by the automobile driven by appellant. Appellant was driving south along Taylor Boulevard.

■ The first complaint is that the court erred in instructing the jury that appellant had a duty not to cross over to the left side of the center line of Taylor Boulevard. A witness testified that appellee had walked across the west side of Taylor Boulevard and had crossed the center line and was in fact on the east side when appellant's automobile came across the center line from the west to the east side and struck him. An issue was thus raised as to whether appellant did cross over the center line and it was proper for the court to instruct the jury in that respect.

Appellant's other contention is that the court was in error in instructing on "an unmarked crosswalk," and holding as a matter of law that the unmarked crosswalk extended from corner to corner. Carlisle Avenue and Taylor Boulevard do not intersect at true 90 degree angles. The west leg of Carlisle Avenue does intersect with Taylor Boulevard at a 90 degree angle, but the east leg veers off at an angle of about 20 degrees. There is no sidewalk along the north side of the west leg, but there is a sidewalk along the north side of the east leg. If the sidewalk is extended straight across Taylor Boulevard, it ends up in the middle of Carlisle Avenue on the other side.

■ A Louisville ordinance provides:

"CROSSWALK—That portion of the roadway included within the extension of the sidewalk across any intersection, and such other portions of the roadway between two intersections, as may be legally designated as crossing places and marked by stanchions, paint lines, or otherwise."

We had this ordinance before us in Severance v. Sohan, Ky., 347 S.W.2d 498 (1961), where there was no opposite curb corner, and wherein we said:

"* * * Unless it must necessarily and obviously mean something different under the circumstances of the case, we construe the word 'extension' in its ordinary sense, meaning a straight projection of the sidewalk, continuing the course and width at which the sidewalk approaches the intersection between parallel lines. * * *"

We further said:

"Any construction given to the word 'extension' is likely to raise problems under different fact situations. Where the intersecting street continues through on the other side, and at the same width, a 'straight line' definition is satisfactory. Where the street narrows, widens, or deviates in course at the other end of the intersection, surely the crosswalk must run from corner to corner. * * *"

In Frank v. Silvers, Ky., 414 S.W.2d 887 (1967), we had under consideration KRS 189.570, and held:

"* * * there is a crosswalk at every intersection of public roads or highways, and that this is the intended meaning of the statute. * * *"

■ We conclude that the "straight line" definition is to apply ordinarily, but where an extension of the existing sidewalk does not meet the opposite curb corner we construe the ordinance to mean that an unmarked crosswalk lies across the roadway in a line between the two curb corners. The crosswalk begins and ends at the two points nearest each of such corners and is of a width reasonably necessary for pedestrian travel.

■ Here there was sufficient evidence that appellee was in an unmarked crosswalk at the time he was struck to warrant the instructions of the court.

The judgment is affirmed.

All concur.